[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Eveline Vuilliomenet, alleges false imprisonment, false arrest, and malicious prosecution against the City of Bridgeport and several of the City's police officers, namely, Barbara Gonzalez, Horesco, and Roberto Melendez. The complaint alleges that the incident in question occurred April 18, 1992, whereas all parties concurred that the correct date was April 18, 1993. The plaintiff offered an amendment to correct the date to April 18, 1993, and the court grants the same.
The evidence before the court reveals that the officers in question arrived at 67-69 Laurel Court in the City of Bridgeport in response to a complaint that the plaintiff in company with one, Scott Jaevarjain, was engaged in illegal dumping. The plaintiff claimed that she was not dumping, but simply cleaning debris which had been burned out and abandoned at some time prior CT Page 2510 to the day in question. When the police arrived, Officer Gonzalez asked the plaintiff for her age and identification, which the plaintiff refused to give. The plaintiff testified that she was then handcuffed and thrown into the police car. She was then transported to police headquarters, fingerprinted, photographed, charged with illegal dumping, and placed under bond.
Two witnesses who lived in the same immediate vicinity on Laurel Court, Carlos Byron and Gloria Rivera gave contradictory testimony. Carlos Byron saw the dumping on a vacant lot across the street on Laurel Court, saw the police cars arrive, heard Officer Gonzalez question the plaintiff and the plaintiff's refusal to respond. Byron then testified that Officer Gonzalez requested the plaintiff to sit in the police car, uncuffed.
Gloria Rivera testified that she saw the police arrive and heard the plaintiff state, "I don't have to tell you anything", in a loud and uncooperative manner.
The testimony does not demonstrate that Officers Melendez and Horesco were in any way involved in the actions complained of and the court cannot find that the plaintiff has any cause of action against these two defendants. Apart from the defendants' argument that any defendant has qualified immunity because they were involved in the performance of a governmental duty involving the exercise of discretion, an argument to which the court subscribes, the court is unable to find that the defendant, Gonzalez, lacked probable cause to arrest the plaintiff. The court finds that the plaintiff was not a credible witness and finds credibility in the testimony of both Carlos Byron and Gloria Rivera. Additionally, the court afforded the plaintiff every opportunity to present testimony by one, Scott Jaevarjain, present in the company of the plaintiff, but the same was not forthcoming.
Judgment may enter in favor of all defendants against the plaintiff.
MILTON H. BELINKIE JUDGE TRIAL REFEREE